UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY GAVINO BRIONES, | 1:14-cv-00750-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AS MOOT (Doc. 13.) |
| vs. | |
| PLEASANT VALLEY STATE PRISON, et al., | ORDER DENYING REQUEST FOR FREE COPIES (Doc. 12.) |
| Defendants. | |

## I.   RELEVANT PROCEDURAL HISTORY

Johnny Gavino Briones ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on May 19, 2014.  (Doc. 1.)

On July 10, 2014, the court entered findings and recommendations to dismiss this action for Plaintiff's failure to comply with the court's order to submit a signed application to proceed in forma pauperis.  (Doc. 6.) On August 4, 2014, Plaintiff filed objections to the findings and recommendations.  (Doc. 8.)  On August 5, 2014, the court issued an order striking Plaintiff's objections for lack of signature.  (Doc. 9.)

1

On August 20, 2014, Plaintiff filed a motion for reconsideration of the court's order striking Plaintiff's objections. (Doc. 13.) Plaintiff also filed a request for the court to provide him with a free copy of the objections, so that he can ascertain whether the objections were signed. (Doc. 12.)

Plaintiff's motion for reconsideration and request for copies are now before the court.

## II.    MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare

Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff contends that he did not submit unsigned objections.  Plaintiff argues that if the court's order striking the objections stands, he will be severely prejudiced because he will have lost the opportunity to seek justice by proceeding with this action.  Plaintiff requests to be allowed to re-submit the objections.

Plaintiff's motion for reconsideration is moot, because on August 18, 2014, Plaintiff submitted a signed application to proceed in forma pauperis, and on August 21, 2014, the court vacated the findings and recommendations and granted Plaintiff's application to proceed in forma pauperis.  (Docs. 10, 11.)  Thus, the fact that Plaintiff's objections were stricken does not affect Plaintiff's ability to litigate this action.   Moreover, because the findings and recommendations were vacated, it would be futile for Plaintiff to re-submit his objections at this stage of the proceedings.  Plaintiff suffers no prejudice as a result of the court's order striking his objections.  Therefore, Plaintiff's motion for reconsideration shall be denied.

## III.   REQUEST FOR FREE COPIES

Plaintiff requests a free copy of his objections.  In light of the court's ruling herein, and the fact that the court's findings and recommendations were vacated, Plaintiff does not require a copy of his objections to support his motion for reconsideration or oppose the findings and recommendations. Based on these facts, the court finds no good cause to provide Plaintiff with a free copy of his objections.

Plaintiff is advised that the Clerk does not ordinarily provide free copies of case documents to parties.  The Clerk charges $.50 per page for copies of documents.  See 28 U.S.C. § 1914(a).  Copies of up to twenty pages may be made by the Clerk's Office at this Court upon written request and prepayment of the copy fees.  The fact that the Court has granted leave for Plaintiff to proceed in forma pauperis does not entitle him to free copies of documents from the Court.  Under 28 U.S.C. § 2250, the Clerk is not required to furnish copies without cost to an indigent petitioner except by order of the judge.

///

To request a copy of the objections at this juncture, Plaintiff must submit a request in writing to the Clerk, a self-addressed envelope affixed with sufficient postage, and prepayment of copy costs to the Clerk. The objections, Document No. 8 on the court's docket, are two pages long. Plaintiff is advised that in the future, he should keep a copy of any document he submits to the Court.

Accordingly, Plaintiff's request for free copies shall be denied.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on August 20, 2014, is DENIED as moot; and

2. Plaintiff's request for free copies, filed on August 20, 2014, is DENIED.

IT IS SO ORDERED.

Dated: __August 28, 2014__              _____/s/ Gary S. Austin_____
                                        UNITED STATES MAGISTRATE JUDGE