UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY G. BRIONES,<br><br>        Plaintiff,<br><br>    vs.<br><br>PLEASANT VALLEY STATE PRISON, et al.,<br><br>        Defendants. | 1:14-cv-00750-LJO-EPG-PC<br><br>**NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST**<br><br>(ECF No. 45.) |

    Johnny G. Briones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On August 19, 2016, Defendants filed a motion to dismiss this case under Rule 12(b)(6) for failure to exhaust administrative remedies. (ECF No. 45.)

    Defendants have not provided Plaintiff with the requisite Notice and Warning, pursuant to the Ninth Circuit's requirement in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), informing Plaintiff of his rights and responsibilities in opposing Defendants' motion to dismiss for failure to exhaust. Therefore, the Court shall, by this order, provide Plaintiff with the requisite Notice and Warning. Defendants are advised that in the future they should routinely provide a Notice and Warning to a *pro se* plaintiff in a prisoner case when bringing a motion to dismiss or

1 motion for summary judgment based on failure to exhaust administrative remedies before filing
2 suit. <u>Woods</u> 684 F.3d at 940 (Counsel for defendants in prisoner civil rights cases should
3 include in any motion to dismiss or a motion for summary judgment in a case where the
4 plaintiff is not assisted by counsel a short and plain statement of the requirements needed to
5 defeat a defendant's dispositive motion.)

### NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST

Pursuant to <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012), the Court now hereby notifies Plaintiff of the following rights and requirements for opposing Defendants' motion to dismiss for failure to exhaust. <u>Woods</u>, 684 F.3d 934 (Fair notice of the requirements needed to defeat a defendant's motion to dismiss for failure to exhaust administrative remedies must be provided to a *pro se* prisoner litigant in a civil rights case.)

### NOTICE AND WARNING:

**Defendants have filed a motion to dismiss for failure to exhaust administrative remedies as to one or more claims in the complaint. The failure to exhaust administrative remedies is subject to a motion for summary judgment or, if a failure to exhaust is clear on the face of the complaint, a motion to dismiss under Rule 12(b)(6). <u>Albino v. Baca</u>, 747 F.3d 1162, 1166 (9th Cir. 2014). "The motion to dismiss for failure to exhaust administrative remedies is similar to a motion for a summary judgment in that the district court will consider materials beyond the pleadings; the plaintiff has a 'right to file counter-affidavits or other responsive evidentiary materials.'" <u>Stratton v. Buck</u>, 697 F.3d 1004, 1008 (9th Cir. 2012), quoting <u>Rand v. Rowland</u>, 154 F.3d 952, 960 (9th Cir. 1998).**

**If the Court determines that all of the claims are unexhausted, the case will be dismissed, which means Plaintiff's case is over. If some of the claims are exhausted and some are unexhausted, the unexhausted claims will be dismissed and the case will proceed forward only on the exhausted**

claims. <u>Jones v. Bock</u>, 549 U.S. 199, 219-224, 127 S. Ct. 910, 923-26 (2007). A dismissal for failure to exhaust is without prejudice. <u>Id.</u>

Unless otherwise ordered, all motions to dismiss shall be briefed pursuant to Local Rule 230(*l*). Plaintiff is required to file an opposition or a statement of non-opposition to Defendants' motion to dismiss. Local Rule 230(*l*). **<u>If Plaintiff fails to file an opposition or a statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure to prosecute</u>**. The opposition or statement of non-opposition must be filed not more than 21 days after the date of service of the motion. <u>Id.</u>

If responding to Defendants' motion to dismiss for failure to exhaust administrative remedies, Plaintiff may not simply rely on allegations in the complaint. Instead, Plaintiff must oppose the motion by setting forth specific facts in declaration(s) and/or by submitting other evidence regarding the exhaustion of administrative remedies. <u>See</u> Fed. R. Civ. P. 43(c). Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value. If Plaintiff does not submit his own evidence in opposition, the Court may conclude that Plaintiff has not exhausted the administrative remedies and the case will be dismissed in whole or in part.

IT IS SO ORDERED.

Dated: **August 22, 2016**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

3