UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY G. BRIONES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>R. HAND, et al.,<br><br>　　　　　　Defendants. | 1:14-cv-00750-LJO-EPG (PC)<br><br>ORDER REQUIRING PLAINTIFF TO PROVIDE ADDITIONAL EVIDENCE REGARDING HIS MOTION FOR RECONSIDERATION<br>(ECF NO. 52) |

　　　　Johnny G. Briones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 19, 2014. (ECF No. 1.) On August 19, 2016, defendants Cole, Hendricks, and Hand filed a motion to dismiss for failure to exhaust. (ECF No. 45.) On September 9, 2016, Plaintiff filed non-opposition to the motion, stating that he would not be able to oppose the motion to dismiss in a timely manner. (ECF No. 48.) Therefore, on September 12, 2016, the Court dismissed the case, without prejudice. (ECF No. 49.) On December 14, 2016, Plaintiff filed a "Motion to Examine Administrative Exhaustion in Connection with Plaintiff's Current Complaint." (ECF No. 52.) The Court construes this as a motion to reconsider its order

dismissing the case.

Federal Rule of Civil Procedure 60(b) governs grounds for relief from an order:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Thus far, Plaintiff has failed to show that he meets any of the above-mentioned reasons for granting relief from the order dismissing the case. Plaintiff states that he has had extreme health problems, which is why he was unable to oppose the motion to dismiss. Additionally, Plaintiff states that he was not able to appeal his grievance to the third level because he has serious health problems, and because he was in the hospital without his legal property during the time period he had to appeal to the third level. Plaintiff asks the Court to order prison officials to address the merits of his prison grievance, even though it is untimely.

On the present record, there appears to be no reason why Plaintiff could not have brought these alleged facts to the Court's attention in response to the motion to dismiss. Plaintiff was able to file a non-opposition, and nothing in the non-opposition suggested that Plaintiff had health problems or that he was in the hospital and did not have access to the legal paperwork at the time he was required to exhaust his administrative remedies. Instead, he simply stated "Plaintiff will not be able to gather any and all documents possible in time before filing opposition pleading is due." (ECF No. 48.) In other words, at the time of filing his non-opposition, Plaintiff knew (or should have known) about all of the issues he is now raising. Plaintiff does not explain why he did not raise his medical situation at that time. The only truly "new" fact presented in the present motion for reconsideration is that Plaintiff now has someone to "assist him to communicate with the court in this matter." (ECF No. 52 at 1.) Plaintiff also now provides the sworn declaration of another prisoner, Troy A. Rhodes, who testifies to his own belief that "Plaintiff has some serious

medical problems that may be part of his suffering a stroke," and that Plaintiff is unable to communicate effectively due to those health issues. (*Id*. at 11-12.) Mr. Rhodes, however, is not a medical professional. Absent medical evidence, the Court cannot evaluate properly Plaintiff's request for reconsideration.

Therefore, the Court will give Plaintiff until February 3, 2017, to submit medical documentation in support of his motion for reconsideration. Plaintiff should submit medical records showing the severity of his condition, including any medical documentation indicating why he might have difficulty communicating, and/or any medical records showing that he was in the hospital or under the care of a physician at the time he was required to oppose the motion to dismiss. After Plaintiff submits the additional evidence, Defendants shall have 14 days to file a response to the motion for reconsideration. If the Court grants the motion for reconsideration, it may request further briefing regarding the pending motion to dismiss, but does not do so at this time.

IT IS SO ORDERED.

Dated:   **December 22, 2016**          /s/ Lawrence J. O'Neill
                                        UNITED STATES CHIEF DISTRICT JUDGE