UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY G. BRIONES,<br><br>  Plaintiff,<br><br>  v.<br><br>R. HAND, et al.,<br><br>  Defendants. | 1:14-cv-00750-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(ECF NO. 52) |

Johnny G. Briones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on May 19, 2014.  (ECF No. 1.)  On August 19, 2016, defendants Cole, Hendricks, and Hand filed a motion to dismiss for failure to exhaust.  (ECF No. 45.)  On September 6, 2016, Plaintiff filed non-opposition to the motion, stating that he would not be able to oppose the motion to dismiss in a timely manner.  (ECF No. 48.)  Therefore, on September 12, 2016, the Court dismissed the case, without prejudice.  (ECF No. 49.)

On December 14, 2016, Plaintiff filed a "Motion to Examine Administrative Exhaustion in Connection with Plaintiff's Current Complaint."  (ECF No. 52.)  The Court construed this as a motion to reconsider its order dismissing the case, and found that Plaintiff failed to show that he

1

was entitled to reconsideration under Federal Rule of Civil Procedure 60(b).  (ECF No. 53.) However, instead of denying the motion to reconsider, the Court gave Plaintiff the opportunity to "submit medical records showing the severity of his condition, including any medical documentation indicating why he might have difficulty communicating, and/or any medical records showing that he was in the hospital or under the care of a physician *at the time he was required to oppose the motion to dismiss*."  (Id. at p. 3.) (emphasis added).

On February 2, 2017, Plaintiff filed his evidence.  (ECF No. 54.)  However, Plaintiff failed to address the issue he was required to address.  Instead of providing evidence showing why he was unable to respond to the motion to dismiss, Plaintiff provided evidence that addresses only the issue of exhaustion.  Plaintiff did not submit any medical documentation indicating why he might have difficulty communicating, and instead of providing medical records that show that "he was in the hospital or under the care of a physician *at the time he was required to oppose the motion to dismiss*," (ECF No. 53, p. 3) (emphasis added), he filed medical records showing that he was in the hospital at the time he was required to exhaust his administrative remedies. Therefore, because Plaintiff has failed to "submit medical records showing the severity of his condition, including any medical documentation indicating why he might have difficulty communicating, and/or any medical records showing that he was in the hospital or under the care of a physician at the time he was required to oppose the motion to dismiss," (Id. at p. 3), Plaintiff's motion for reconsideration will be denied.

Accordingly, based on the foregoing, it is ORDERED that Plaintiff's motion for reconsideration is DENIED.


IT IS SO ORDERED.

   Dated:   **February 23, 2017**            /s/ Lawrence J. O'Neill  
                                                       UNITED STATES CHIEF DISTRICT JUDGE